IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-136-D

EPIC TECH, LLC, and )
BLUE STREAK BIDS, LLC, )
 )
              Plaintiffs, )
 )
    v. )      **ORDER**
 )
RALEIGH STARTUP SOLUTIONS LLC, )
et al., )
 )
              Defendants. )

On March 20, 2023, plaintiffs moved to file under seal [D.E. 4] and moved for an ex parte temporary restraining order ("TRO"), seizure of counterfeit goods, an asset freeze, disclosure of information, expedited discovery, and a preliminary injunction [D.E. 11]. On March 24, 2023, the court referred the motion to file under seal and the motion for an ex parte TRO, seizure of counterfeit goods, an asset freeze, disclosure of information, expedited discovery, and a preliminary injunction to Magistrate Judge Jones [D.E. 25]. On March 29, 2023, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") and recommended that the court deny plaintiffs' motion for an ex parte TRO. See [D.E. 26]. Judge Jones also recommended that plaintiffs promptly serve the complaint and motion for a preliminary injunction on defendants, and he set the request for a preliminary injunction for hearing on April 24, 2023 at 10:30 a.m., in Courtroom 100, 1003 S. 17th St., Wilmington, North Carolina. See id. On April 3, 2023, plaintiffs objected to the M&R [D.E. 27].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, and plaintiffs' objections. As for those portions of the M&R to which plaintiffs made no objection, the court is satisfied that there is no clear error on the face of the record. As for the objections, the court has reviewed the objections and the M&R de novo. The court has considered the factors necessary for an ex parte TRO. Plaintiffs have not proven all four factors. Plaintiffs' objections are overruled.

In sum, the court OVERRULES plaintiffs' objections to the M&R [D.E. 27] and ADOPTS the M&R [D.E. 26]. The court ORDERS plaintiffs to serve the complaint and motion for a preliminary injunction on defendants. Judge Jones shall proceed with the hearing on plaintiffs' request for a preliminary injunction on April 24, 2023 at 10:30 a.m., in Courtroom 100, 1003 S. 17th St., Wilmington, North Carolina.

SO ORDERED. This _6_ day of April, 2023.

JAMES C. DEVER III
United States District Judge

2