IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-136-D

| | |
|---|---|
| EPIC TECH, LLC, and ) | |
| BLUE STREAK BIDS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RALEIGH STARTUP SOLUTIONS LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court Plaintiffs' motion to seal Exhibits D and E to the Verified Complaint. [DE-4]. For the reasons stated below, the motion to seal is allowed.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before sealing publicly filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application*

of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *In re Application*, 707 F.3d at 291; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

Here, the exhibits were filed in support of the Verified Complaint. Applying the experience and logic test, the common law right of access applies to these exhibits. *See Smartsky Networks, LLC v. Wireless Sys. Sols. LLC*, No. 1:20-CV-834, 2021 WL 929729, at *5 (M.D.N.C. Mar. 11, 2021) (applying common law right to access to sealing complaint exhibits) (collecting cases). However, "[t]he mere existence of a . . . common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Rushford*, 846 F.2d at 253 (citation omitted). The "protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a

2

recognized exception to the "presumptive openness of judicial proceedings." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Stamicarbon, N.V. v. American Cyanamid Co.*, 506 F.2d 532, 539–42 (2d Cir.1974)). The party seeking to deny access bears the burden. *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." *Id.* at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

The motion to seal was filed on March 20, 2023, and has been accessible to the public on the court's computerized case management and case filing system since that time. Thus, the public has been provided with notice and an opportunity to object to the motion. *See Knight*, 743 F.2d at 234 (noting that the Third Circuit found notice sufficient where a motion was docketed reasonably in advance of its disposition); *see also Oliver v. Williams*, No. 5:09-CT-3027-H, 2010 WL 2927456, at *1 (E.D.N.C. July 21, 2010). No objections to sealing have been lodged. Having reviewed the proposed sealed material, the court finds that it is substantially comprised of commercially sensitive material, such that no less drastic alternative to sealing, e.g., redaction, is available. Finally, the court finds that, absent sealing, competitors could access this information to the detriment of Plaintiffs' business interests. Accordingly, the court finds that Plaintiffs'

3

interest in protecting their commercially sensitive information overcomes the public's right to access, and the motion to seal Docket Entries 2 and 3 is allowed.

So ordered, this the 20 day of April 2023.

*/s/ Robert B. Jones, Jr.*
Robert B. Jones, Jr.
United States Magistrate Judge

4