IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DISTRICT

CASE No. 5:23-CV-136

| | |
|---|---|
| EPIC TECH, LLC and BLUE STREAK BIDS, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| RALEIGH STARTUP SOLUTIONS LLC DBA GOOD LUCK NC, et al. | ) ) ) |
| Defendants. | ) |

**DEFENDANTS DAVID NOBLE JOHNSTON, JING XIU CHEN AND DJ'S BLUE ROOM LLC ANSWER**
**JURY TRIAL DEMANDED**

Defendants DJ's Blue Room LLC, Johnston and Chen answer the complaint as follows:

## I.

## INTRODUCTORY STATEMENT

1-3. Defendants lack sufficient information to respond and therefore deny these allegations.

## II.

## PARTIES

4-5. Defendants lack sufficient information to respond and therefore deny these allegations.

6. It is admitted that Defendants operate a physical establishment. The remaining allegations are denied.

7 –10. Do not relate to Defendants and Defendants therefore will not respond to these allegations.

11. It is admitted that defendants Johnston and Chen operate two physical locations and that these are located at 3909 S. Wilmington St, Raleigh, NC 27603-3601 and 1728 S. Saunders Street, Raleigh, NC 27603, and that DJ's Blue Room is a North Carolina LLC with it's principal place of business at 3909 S. Wilmington Street, Raleigh, NC 27603-3601 and that DJ's may be served through its registered agent, defendant Johnston.

12. Admitted.

13. Admitted.

4-50. Do not relate to Defendants and Defendants therefore will not respond to these allegations.

## III.

## JURISDICTION AND VENUE

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

## IV.

## FACTUAL ALLEGATIONS

55-150. Defendants lack sufficient information to respond and therefore deny these allegations.

151. This allegation does not call for a response.

152. This allegation does not call for a response.

153. Defendants deny that they have obtained possession of or are distributing and operating infringing software by any name. Defendants further deny that they have gained access to or possession of Epic Tech's software or have copied many aspects of the software or are distributing the software.

154-162. Defendants lack sufficient knowledge to respond and therefore deny these allegations.

163. Denied.

164. It is admitted that the image was a post on DJ's Facebook in 2021. It is denied that defendants provided access to Phantom Software at their physical locations or on-line.

165. It is admitted that the image was a post on DJ's Facebook in 2021. It is denied that defendants provided access to Phantom Software at their physical locations or on-line.

166-213. Defendants lack sufficient knowledge to respond and therefore deny these allegations.

214. Defendants deny that they infringed Epic Tech's copyrights and further deny that they distributed or operated Phantom Software

215. Defendants lack sufficient knowledge to respond and therefore deny these allegations.

216. Defendants deny that they indirectly infringed Epic Tech's copyrighted works by inducing and encouraging the direct infringement of Phantom Software end users. Defendants further deny that they have the right and ability to supervise infringing activity of Phantom Software end users or that they have any financial interest in the infringement of Epic Tech's copyrights.

217-228. Defendants lack sufficient information to respond and therefore deny these allegations.

229. Defendants deny that they directly infringe Plaintiff's trademarks through either distribution or operation of infringing Phantom Software.

230. Defendants lack sufficient information to respond and therefore deny these allegations.

231. Defendants deny that they indirectly infringed Epic Tech's trademarks by inducing the direct infringement of Phantom Software end users. Defendants further deny that they have any control over the provision of Phantom Software to end users.

232-245. Defendants lack sufficient information to respond and therefore deny these allegations.

246. Defendants deny that they infringed Epic Tech's Unregistered Trademarks.

247. Defendants lack sufficient knowledge and therefore deny these allegations.

248. Defendants deny that they distribute or operate infringing Phantom Software or that they otherwise directly infringed Epic Tech's unregistered trademarks.

249. Defendants deny that they have joint control over the distribution or operation of Phantom Software or the provision of Phantom Software to end users.

250. Defendants deny that they have indirectly infringed Epic Tech's unregistered trademarks by inducing the direct infringement of Phantom Software end users or otherwise or have provided infringing Phantom Software to end users.

251-274. Defendants lack sufficient knowledge to respond and therefore deny these allegations.

## V.

## NECESSAITY FOR EX PARTE RELIEF

275. Defendants deny that plaintiffs are entitled to *ex parte* relief.

## V.[1]

## CAUSES OF ACTION

**First Cause of Action**

**Copyright Infringement**

276. Defendants incorporate all previous responses to the allegations in the complaint.

277. Defendants lack sufficient information to respond and therefore deny these allegations.

---

[1] Followed numbering on original Complaint.

278. Defendants deny that they marketed, distributed, or operated Phantom Software. As to the remaining allegations, Defendants lack sufficient information to respond and therefore deny these allegations.

279. Defendants deny that they use Phantom Software. Defendants lack sufficient information to respond and therefore deny these allegations.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

284. Denied.

285. Denied.

286. Denied.

**Second Cause of Action**

**Contributory Copyright Infringement**

287. Defendants incorporate all previous responses to the allegations in the complaint.

288. Defendants lack sufficient information to respond and therefore deny these allegations.

289. Denied.

290. Denied.

7

291. Defendants deny using software or works protected by Epic Tech Copyrights.

292. Denied.

293. Denied.

294. Denied.

295. Denied.

296. Denied.

297. Denied.

**Third Cause of Action**

**Vicarious Copyright Infringement**

298. Defendants incorporate all previous responses to the allegations in the complaint.

299. Defendants lack sufficient information to respond and therefore deny these allegations.

300. Denied.

301. Denied.

302. Denied.

303. Denied.

304. Denied.

305. Denied.

306. Denied.

307. Denied.

308. Denied.

**Fourth, Fifth and Sixth Causes of Action**

These claims do not relate to defendants, and defendants will therefore not respond to these claims.

**Seventh Cause of Action**

**Trademark Infringement**

342. Defendants incorporate all previous responses to the allegations in the complaint.

343. Defendants lack sufficient information to respond and therefore deny these allegations.

344. Denied.

345. Denied.

346. Denied.

347. Denied.

348. Denied.

349. Denied.

350. Denied.

### Eighth Cause of Action

**Contributory Trademark Infringement**

351. Defendants incorporate all previous responses to the allegations in the complaint.

352. Defendants lack sufficient information to respond and therefore deny these allegations.

353. Denied.

354. Denied.

355. Denied.

356. Denied.

357. Denied.

358. Denied.

359. Denied.

360. Denied.

### Ninth Cause of Action

**Vicarious Trademark Infringement**

361. Defendants incorporate all previous responses to the allegations in the complaint.

362. Defendants lack sufficient information to respond and therefore deny these allegations.

363. Denied.

364. Denied.

365. Denied.

366. Denied.

367. Denied.

368. Denied.

369. Denied.

370. Denied.

**Tenth, Eleventh, Twelfth and Thirteenth Causes of Action**

These claims do not relate to defendants, and defendants will therefore not respond to these claims.

**Fourteenth Cause of Action**

**Contributory Lanham Act § 43(a) Infringement**

407. Defendants incorporate all previous responses to the allegations in the complaint.

408. Defendants lack sufficient information to respond and therefore deny these allegations.

409. Denied.

410. Denied.

411. Denied.

412. Denied.

413. Denied.

414. Denied.

415. Denied.

**Fifteenth Cause of Action**

**Vicarious Lanham Act § 43(a) Infringement**

416. Defendants incorporate all previous responses to the allegations in the complaint.

417. Defendants lack sufficient information to respond and therefore deny these allegations.

418. Denied.

419. Denied.

420. Denied.

421. Denied.

422. Denied.

423. Denied.

424. Denied.

**Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of Action**

The claims do not relate to defendants and so they will not respond to these allegations.

## VI.

## DEMAND FOR A JURY TRIAL

Defendants demand a jury trial on all issues triable to a jury in this case.

## VII.

## REQUEST FOR RELIEF

Wherefore Defendants request that the complaint be dismissed, and that Plaintiffs take nothing, either in monetary damages or the requested injunctive relief, and that Defendants be awarded attorney's fees and such other and further relief as to which Defendants may be entitled.

This the 2nd day of May, 2023.

        Amos Tyndall PLLC

        /s/ Thomas K. Maher
        Attorney for Defendant
        202B S. Greensboro Street
        Carrboro, N.C. 27510
        (919) 967-0504
        tmaher@amostyndall.com
        State Bar #12771

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the forgoing Answer was served upon counsel of record with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Donald R. Pocock<br>Donad.pocock@akerman.com | Brant C. Martin<br>Brant.martin@wickphillips.com |
| David W. Higer<br>David.higer@wickphillips.com | Brett M. Pinkus<br>Brett.pinkus@wickphillips.com |
| Ethan A. Minshull<br>Ethan.minshull@wickphillips.com | H. Grant Tucker<br>Grant.tucker@wickphillips.com |
| Elliot Sol Abrams<br>Elliot.abrams@cheshirepark.com | Susan Olive<br>solive@oliveandolive.com |
| Keith Anthony<br>kanthony@morningstarlawgroup.com | |
| W. Swain Wood<br>swood@morningstarlawgroup.com | |

Respectfully submitted this 2nd day of May, 2023.

/s/ Thomas K. Maher
Attorney for Defendant
202B S. Greensboro Street
Carrboro, N.C. 27510
(919) 967-0504
tmaher@amostyndall.com
State Bar #12771