## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## CIVIL ACTION NO.: 5:23-CV-00136-D-RJ

EPIC TECH, LLC and
BLUE STREAK BIDS, LLC,

Plaintiffs

v.

RALEIGH STARTUP SOLUTIONS LLC DBA
GOOD LUCK NC and
WWW.GOODLUCKNC.COM, et al,

Defendants

**Defendant Kaiser Hauter's
Response to Complaint
(Jury Trial Demanded)**

Defendant Kaiser Haunter responds to the Complaint as follows, all references to "Defendant" being to himself.

## A. AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant sets forth the following defenses, expressly reserving the right to assert further defenses as they become evident through discovery and investigation. Although denominated for convenience as affirmative defenses, the inclusion of any defense in this Section A of Defendant's Response shall not operate to alter the parties' burdens of proof, or act as any waiver of Plaintiffs' burdens, and is not in any respect an admission that Defendant bears the burden of proof with respect to the defense.

### First Affirmative Defense – Failure to State a Claim
### (Rule 12(b)(6))

The Complaint fails to set forth any claim against Defendant upon which relief can be granted. Among other things, Plaintiffs have filed a shotgun Complaint that does not set out a comprehensible Complaint against this Defendant, fails to comply with Rule 8 and accordingly fails the test of Rule 12(b)(6). Multiple courts have explained why Complaints structured as is the Complaint here ado not comply with the Rules of Civil Procedure and do not set forth a claim. Very succinctly, "[a] Complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."

Page 1

*Tatone v. SunTrust Mortgage, Inc*., 857 F. Supp. 2d 821, 831 (D. Minn. 2012). And, when Complaints have taken that approach—as has the Complaint against Defendant here, "[s]uch a conclusory and shotgun approach to pleading fails to provide each Defendant the factual basis for the claim(s) against him or it and therefore deprives them and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible under the various [claims] argued by [the plaintiff]. Consequently, the Complaint is vulnerable to dismissal. *Luna-Reyes v. RFI Const., LLC*, 57 F. Supp. 3d 495, 503–04 (M.D.N.C. 2014) (emphasis omitted). Indeed, the approach followed by Plaintiffs is so disfavored that the 11th Circuit has developed an entire line of jurisprudence explaining that shotgun Complaints should no longer be tolerated. See, e.g., a Florida case explaining the same: *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (adopting Magistrate's Recommendation) ("Moreover, in a case with multiple defendants, the Complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the court, to ascertain exactly what plaintiff is claiming."). See also, *Jarosiewicz v. Cnty. of Rutherford*, No. 1:05CV211, 2005 WL 2000238, at *1 (W.D.N.C. Aug. 18, 2005); *In re Ernie Haire Ford, Inc.*, 459 B.R. 824, 835 (Bankr. M.D. Fla. 2011); *Giscombe v. ABN Amro Mortgage Grp., Inc.*, 680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).

### Second Affirmative Defense – Failure to Join Parties
### (Rules 12(b)(7), 19)

Plaintiffs have failed to join necessary and indispensable parties without whom relief cannot properly be granted, and parties whose absence would leave Defendant subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest, including all those persons who are, whether in whole or in part, the owners as a matter of record, and all those persons who are, whether in whole or in part, the owners in reality, of each intellectual property right asserted in the Complaint. By way of example, Plaintiffs have asserted rights purportedly owned by them but have attached and incorporated by reference official documents that belie their claims, showing that ownership of the rights at issue resides in others. Relief cannot properly be granted in the absence of these entities,

and their absence would leave Defendant subject to a substantial risk of incurring multiple or inconsistent obligations on account of the missing parties' interests.

### Third Affirmative Defense – Plaintiffs' Claims Are Barred in Whole or Part by Equitable Principles Resulting From Their Failure to Give Timely Notice of Their Claim and Purported Rights (Laches, Estoppel)

Plaintiffs admit that they delayed in pursuing their claim against Defendant, and Plaintiffs' allegedly copyrighted and trademark-protected logos were published by or with the approval of Plaintiffs, without notice of Plaintiffs' purported rights. And, Plaintiffs made publicly available licenses for their allegedly infringed rights, without notifying Defendant or others how to distinguish persons with valid licenses. Plaintiffs' delays and failures to give notice fly in the face of their allegations that in situations of the nature recited in their Complaint, time in pursuing responsible parties is of the essence. Plaintiffs could have given notice of their claim and purported rights far sooner, but chose not to do so. Defendant had no knowledge of Plaintiffs' claim and no reason to expect that Plaintiffs would assert a claim against Defendant. Plaintiffs' delay has prejudiced Defendant by, among other things, allowing or contributing to the loss of evidence, fading of memories, and disappearance of witnesses. Plaintiffs' claims are accordingly barred in whole or part by the doctrines of laches and estoppel.

### Fourth Affirmative Defense – Fair Use

Any and every use by Defendant of any allegedly protected creative work or mark of Plaintiffs has been a fair use. All uses of the allegedly protected words and marks to identify the products that were expected to be offered on the website that Defendant was designing are protected as descriptive or nominative fair use, and any other use constituted communications protected by the First Amendment.

### Fifth Affirmative Defense – Lack or Loss of Ownership and Enforcement Rights

Plaintiffs do not own some or all of the copyrights and trademarks they have asserted, either because the rights belong to others who did not transfer them in full to Plaintiffs, and/or because Plaintiffs have abandoned rights that otherwise would have belonged to them. By way of example with respect to such abandonments, Plaintiffs (or their predecessors from whom their rights derive) have failed to police their

asserted trademarks and have granted express or implied naked licenses allowing their use by third parties; and on information and belief published their purportedly protected logos on social media in ways that granted to the public the right to copy and use the published properties.

### Sixth Affirmative Defense - Illegality

Plaintiffs rely for their rights on marks and works that they (or their predecessors from whom their rights derive) have used and marketed in violation of North Carolina law. It is illegal for any person or organization to operate a game of chance or to play or bet on any game of chance that involves winning money, property or anything of value. Violators are guilty of a Class 2 misdemeanor. N.C. Gen. Stat. 14-292. Plaintiffs are barred from enforcing rights in their illegally acquired and used marks and works.

### Seventh Affirmative Defense –

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Eighth Affirmative Defense – Innocent Intent

If Defendant infringed Plaintiffs' rights, which is denied, he did so innocently. Defendant was not aware and had no reason to believe that his acts constituted any infringement.

### Ninth Affirmative Defense - Failure to Mitigate

Plaintiffs' right to recover any damages from this Defendant, even if liability be otherwise proven, which is denied, is barred and/or reduced by their failure to take reasonable steps and to take timely steps to mitigate their alleged damages.

### Tenth Affirmative Defense - Constitutional and Equitable Limitations on Damages

To the extent that Plaintiffs may seek punitive or otherwise enhanced damages, Plaintiffs' recovery is limited by the provisions of the United States Constitution. Any award of punitive or enhanced damages to Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States, and would be inequitable.

### Eleventh Affirmative Defense – Lack of Jurisdiction

To the extent that Plaintiffs attempt to assert infringement of any copyrights for software or for any works other than those specifically identified in the copyright chart at Paragraph 68 and in Exhibit B to the

Page 4

Complaint—that is, claims relating to any works for which certificates of registration, owned by Plaintiffs, has not been obtained prior to the date of filing of this action, Plaintiffs' claims are barred and this Court cannot exercise jurisdiction over them. See, *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 586 U.S. ___, 139 S.Ct. 881, 203 L.Ed.2d 147 (2019) (proof of work's registration with the Copyright Office is required prior to filing suit for copyright infringement).

## B. <u>GENERAL RESPONSE TO FACTUAL ALLEGATIONS OF COMPLAINT</u>

B.1.    The nonspecific nature of the allegations of this Complaint, created by the shotgun approach in which virtually no allegations even name this Defendant, leaves Defendant uncertain how to appropriately respond. To be clear, it appears that Defendant is accused of infringing some rights of Plaintiffs, but the specific rights are unclear. The only specific illustration of any purported infringement, set out in Paragraph 196, shows a logo in which Plaintiffs have asserted no rights.

B.2.    The gist of the Complaint appears to be allegations that Defendant has provided access to software-operated games via a website on a domain that he purchased: NCOnlineGames.com. Plaintiffs do not seem to allege ownership of the software itself or of any copyright registrations covering the software, and do not seem to allege that the software code has been infringed by anyone, much less by Defendant. However, it appears they claim that when the software-operated games are played, then various logos are displayed. At least some of those logos, they allege, are protected by copyrights and trademarks owned by Plaintiffs.

B.3.    Defendant denies that he has ever operated any website that provided access to any software-operated games, including any games that displayed the trademarks or copyrighted works purportedly owned by Plaintiffs that have been asserted in the Complaint. Defendant specifically denies that the domain NCOnlineGames.com has at any time provided access to such purportedly illicit software-operated games.

B.4.    By way of further response, Defendant re-asserts, and incorporates by reference herein as his further answer, his declaration previously filed as Dkt. #54-1.

## C.  ANSWER TO NUMBERED ALLEGATIONS OF COMPLAINT

In the Answer below, each paragraph responds to the correspondingly numbered paragraphs of the Complaint. To the extent, if any, that any allegation of the Complaint is not otherwise fully answered in the following paragraphs, the same is denied.

### I.  INTRODUCTORY STATEMENT

1-2.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

3.    Admitted Plaintiffs seek relief but denied that such relief is justified in any way or that Defendant has committed the acts mentioned in this paragraph.

### II.  PARTIES

4-5.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

6.    Denied as to this Defendant. As to any other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

7-35.    These allegations do not relate to Defendant and Defendant will therefore not respond to these allegations. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

36.    It is denied that www.NCOnlineGames.com is an entity or a gaming operator, unless—which is unclear—Plaintiffs intend to use that subdomain name as a "Doe" defendant name, to refer to some unknown person; and if that is the case, then Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. To the extent, only, that the Complaint refers to the content of the website hosted at the subdomain www.NCOnlineGames.com, it is admitted that the website content at that address

includes a North Carolina area phone number. It is denied that www.NCOnlineGames.com may be served with process by serving Kaiser Hauter. It is further denied that Mr. Hauter is the registered agent for any gaming operator, or for any person or entity doing business under the name www.NCOnlineGames.com or who is identified by that name. Any remaining allegations of this paragraph are denied.

37. It is admitted that Kaiser Hauter is an individual residing in North Carolina who may be served with process as alleged. It is denied that Mr. Hauter is "the website registrant for NC Online Games." By way of further response: Mr. Hauter purchased the domain name NCOnlineGames.com, and as a result is, in the WhoIs records for that specific domain name, identified as the "registrant" for that specific domain name. Any remaining allegations of this paragraph are denied.

38. It is presumed for purposes of this response that Plaintiffs intend their reference to NC Online Games to refer specifically to an unknown entity, in the same sense as a "Doe" defendant, rather than to the subdomain address www.NCOnlineGames.com, or to the website located at that subdomain address. With that understanding, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations of this paragraph are denied.

39-50. These allegations do not relate to Defendant and Defendant will therefore not respond to these allegations. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

### III. JURISDICTION AND VENUE

51. Admitted that Plaintiffs have alleged claims that are premised in substantial part on the cited federal laws, although the validity of those claims is denied.

52.    Admitted that Plaintiffs' claims premised on the federal copyright and trademark laws are within the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, except to the extent Plaintiffs assert copyright claims without pleading and proving the existence of copyright registrations covering those works. Denied that this Court should exercise jurisdiction over state law claims although it could do so under one or more of 28 U.S.C. §§ 1338 and 1367; and as to necessary and indispensable parties to this action who have not yet been named, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) as applied to such persons and therefore denies these allegations.

53.    Admitted as to this Defendant and the present Plaintiffs. As to any other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

54.    Admitted as to this Defendant and the present Plaintiffs. As to any other parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

## IV.  FACTUAL ALLEGATIONS

55.    Admitted that Plaintiffs have provided what purports to be a verification from Mr. Mullins, attached as Exhibit A to the Complaint. It is denied that the verification applies to all of the factual allegations of the Complaint, and denied that it is sworn. Any remaining allegations of this paragraph are denied.

56-150. Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations except that Defendant admits (without admitting that Plaintiffs' claims of ownership and rights of assertion are valid) that Plaintiffs' claims are limited, as to copyright, to the works identified in the copyright chart at Paragraph 68 and in Exhibit B to the Complaint; and that Plaintiffs' claims are limited, as to trademarks, to the marks identified in the chart of registered trademarks at Paragraph 70 and in

the chart of unregistered trademarks at Paragraph 112.

151. This allegation does not call for a response. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations except Defendant admits Plaintiffs have concocted a term that improperly concatenates multiple defendants and at least one additional name, all for use in shotgun pleading, and that they have included Defendant within that group.

152. This allegation does not call for a response. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations except Defendant admits Plaintiffs have concocted a term that concatenates multiple defendants but not including Defendant.

153. Denied as to this Defendant. Inter alia, Defendant denies that he has obtained possession of or is distributing and operating infringing software by any name. Defendant further denies that he has gained access to or possession of Epic Tech's software or has copied many aspects of the software or is distributing pirated software. As to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegations and therefore denies these allegations.

154-194. These paragraphs do not refer to Defendant and do not require a response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegations and therefore denies these allegations.

195. Denied as to this Defendant. By way of further response, the website located on the domain NCOnlineGames.com is and has been nonfunctional. As to other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegations and therefore denies these allegations.

196. It is denied that the website found now or in the past at www.NCOnlineGames.com markets or provides distribution information for "Phantom Software." By way of further response, the website located on the domain NCOnlineGames.com is and has been nonfunctional. It is admitted

Page 9

that the image depicted in Paragraph 196 shows as placeholder images of products that, if the site had ever become functional—which never occurred—were expected to be lawfully provided at the site. None of the products or the images depicted in Paragraph 196, including that to which an arrow is pointing, depicts any copyrighted work or registered or unregistered trademarks that are alleged to belong to Plaintiffs and are claimed to have been infringed. It is unclear what Plaintiffs intend by the phrase "The NC Online Games website, found at www.NCOnlineGames.com" and Defendant denies any implication or allegation of that phrase except Defendant states that the website found at www.NCOnlineGames.com is located on the domain NCOnlineGames.com. Any remaining allegations of this paragraph are denied.

197-211.   The allegations of these paragraphs do not refer to Defendant and require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations.

212-213.        Denied as to this Defendant and denied as to the content of the nonfunctional website that Defendant created and posted at NCOnlineGames.com. As to other defendants and as to any domain or website other than NCOnlineGames.com, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

214.    Denied as to this Defendant and denied as to the content of the nonfunctional website that Defendant created and posted at NCOnlineGames.com. Among other things, Defendant denies that he infringed Epic Tech's copyrights and further denies that he distributes or operates Phantom Software. By way of further response, the website www.NCOnlineGames.com is nonfunctional and has never had any software posted on it or accessible through it. Defendant further denies that he is or can properly be referred to as a "Phantom Software Distributor," a phrase invented by Plaintiffs to improperly concatenate multiple defendants for purposes of shotgun pleading. As to defendants other than Defendant, or to websites other than the site hosted at NCOnlineGames.com, Defendant lacks knowledge or information sufficient to form a belief

about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

215.     Denied as to this Defendant. Inter alia, it is denied that Defendant is or has been involved in any purported "direct infringement of the Phantom Software Distributors." As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

216.     Denied as to this Defendant. Inter alia, Defendant denies that he indirectly infringed Epic Tech's copyrighted works by inducing and encouraging the direct infringement of Phantom Software end users. Defendant further denies that he has the right and ability to supervise infringing activity of Phantom Software end users or that he has any financial interest in the infringement of Epic Tech's copyrights. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

217-221.     These paragraphs do not refer to Defendant and require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

222-226.     Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations.

227.     Denied as to this Defendant. As to any other defendants and as to the content of "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

228.     Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations.

229.     Denied as to this Defendant. Inter alia, Defendant denies that he directly infringed Plaintiff's trademarks through either distribution or operation of purportedly infringing Phantom Software. As to any other defendants or to the content of "Phantom Software," Defendant lacks knowledge

or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

230.     Denied as to this Defendant. Inter alia, it is denied that Defendant is or has been involved in any purported "direct infringement of the Phantom Software Distributors, or purported "joint control" of "the Phantom Software Distributors" over "provision of the infringing Phantom Software to end users." As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

231.     Denied as to this Defendant. Inter alia, Defendant denies that he indirectly infringed Epic Tech's trademarks by inducing the direct infringement of Phantom Software end users and Defendant further denies that he has any control over the provision of Phantom Software to end users. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

232-241.   These paragraphs do not refer to Defendant and require no response. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

242-245.   Denied as to this Defendant. Defendant has never used the so-called "Phantom Software," and any implication to the contrary is denied. As to any other defendants, or to the nature and content of the so-called "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

246.     Denied as to this Defendant. Inter alia, Defendant denies that he infringed Epic Tech's Unregistered Trademarks. As to any other defendants, or to the content of any software, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

247. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies the allegations.

248. Denied as to this Defendant. Inter alia, Defendant denies that he distributes or operates infringing Phantom Software or that he otherwise directly infringed Epic Tech's unregistered trademarks. By way of further response, the website www.NCOnlineGames.com is nonfunctional, has never had any software posted on it or accessible through it, and consequently does not distribute or operate the allegedly infringing Phantom Software. As to any other defendants, or to the content of the so-called "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

249. Denied as to this Defendant. Inter alia, it is denied that Defendant is or has been involved in any purported "direct infringement of the Phantom Software Distributors" or purported "joint control" of "the Phantom Software Distributors" over "provision of the infringing Phantom Software to end users." As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

250. Denied as to this Defendant. Inter alia, Defendant denies that he has indirectly infringed Epic Tech's unregistered trademarks by inducing the direct infringement of Phantom Software end users or otherwise or has provided infringing Phantom Software to end users. By way of further response, the website www.NCOnlineGames.com is nonfunctional, has never had any software posted on it or accessible through it, and consequently does not distribute or operate the allegedly infringing Phantom Software. As to any other defendants, or to the nature and character of the so-called "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

251-274.  These paragraphs do not contain allegations that refer or relate to Defendant, and require no

response from Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

## V. NECESSITY FOR EX PARTE RELIEF

275. Denied as to this Defendant. Inter alia, Defendant denies that he has received revenue in any way relating to "Epic Tech's valuable intellectual property," or to any of the software alleged in the Complaint, denies that he has altered, distributed, operated, or used any of the alleged properties of Plaintiffs for his own financial benefit, denies any implication that he would disappear with his computer, and denies that Plaintiffs are entitled to *ex parte* relief. Any implication that Epic Tech has ever previously brought any claim involving Defendant or ever previously observed Defendant's response to such a claim is denied. As to any other defendant, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

## V *[sic; Second Instance]*.  CAUSES OF ACTION

### First Cause of Action - Copyright Infringement

276. Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

277. Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

278. Denied as to this Defendant. Inter alia, Defendant denies that he marketed, distributed, or operated "Phantom Software." As to any other defendants or to the content of "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegation is denied.

279. Denied as to this Defendant. Inter alia, Defendant denies that he used Phantom Software or knew or reasonably could have known its content or the origin of its content, let alone any proprietary

Page 14

rights associated therewith, if any exist. As to any other defendants or to the content of "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

280. Denied as to this Defendant. As to any other defendants or to the content of or rights in "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

281. Denied as to this Defendant. As to any other defendants or to the content of or rights in "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

282. Denied as to this Defendant. As to any other defendants or to the content of or rights in "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

283. Denied as to this Defendant. As to any other defendants or to the content of or rights in "Phantom Software," Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

284. Denied as to this Defendant, including as to harm purportedly caused to Epic Tech by this Defendant. Inter alia, Defendant denies that he has participated in "copyright infringement" and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to the content of or rights in "Phantom Software," or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

Any remaining allegations are denied.

285. Denied as to this Defendant, including as to any profits or benefits purportedly received by Defendant; and any right of Epic Tech to any recovery or relief against Defendant is denied. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

286. Denied.

**Second Cause of Action - Contributory Copyright Infringement**

287. Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

288. Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

289. Denied as to this Defendant. Inter alia, it is denied that Defendant is or has been involved in any purported "direct infringement of the Phantom Software Distributors. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

290. Denied as to this Defendant. Inter alia, Defendant denies that he has induced or encouraged direct infringement of Phantom Software end users or acted in any way willfully or wantonly or in conscious and intentional disregard of and indifference to the rights, if any, of Epic Tech. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

291. Denied as to this Defendant. Inter alia, Defendant denies that he used Phantom Software or knew or reasonably could have known its content or the origin of its content, let alone any proprietary rights associated therewith, if any exist; and denies that he aided other persons in infringing activity or was aware that other persons were infringing, if indeed they were. As to any other

defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

292. Denied as to this Defendant. Inter alia, Defendant denies aiding infringement. As to the actions of any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

293. Denied as to this Defendant. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

294. Denied as to this Defendant. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

295. Denied as to this Defendant. Inter alia, Defendant denies that he has participated in "copyright infringement" of any kind, and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

296. Denied as to this Defendant, including as to any profits or benefits purportedly received by this Defendant; and any right of Epic Tech to any recovery or relief against Defendant is denied. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

297. Denied.

**Third Cause of Action - Vicarious Copyright Infringement**

298.     Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

299.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

300.     Denied as to this Defendant. Inter alia, it is denied that Defendant is or has been involved in any purported "infringing activities" of the "Phantom Software Distributors." As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations.

301.     Denied as to this Defendant. Inter alia, Defendant denies that he has "indirectly Epic Tech's copyrighted works [*sic*]," denies that he has any right or ability to supervise infringing activity, and denies that he has any obvious or direct financial interest in infringement of Epic Tech's copyrights. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

302.     Denied as to this Defendant. Inter alia, Defendant denies that he used Phantom Software or knew or reasonably could have known its content or the origin of its content, let alone any proprietary rights associated therewith, if any exist; and denies that he aided other persons in infringing activity or was aware that other persons were infringing, if indeed they were. As to the actions of any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

303.     Denied as to this Defendant. Inter alia, Defendant denies aiding infringement. As to the actions of any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

304.     Denied as to this Defendant. As to any other defendants, Defendant lacks knowledge or

information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

305. Denied as to this Defendant. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

306. Denied as to this Defendant and as to harm purportedly caused to Epic Tech by this Defendant. Inter alia, Defendant denies that he has participated in "copyright infringement" of any kind, and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

307. Denied as to this Defendant and as to any profits or benefits purportedly received by Defendant; and any right of Epic Tech to any recovery or relief against Defendant is denied. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

308. Denied.

**Fourth, Fifth and Sixth Causes of Action**

309-341. These allegations do not relate to Defendant, and Defendant will therefore not respond to these claims. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegations and therefore denies these allegations.

**Seventh Cause of Action - Trademark Infringement**

342. Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

343. Defendant lacks knowledge or information sufficient to form a belief about the truth of the

identified allegation(s) and therefore denies these allegations.

344.    Denied as to this Defendant. Inter alia, Defendant denies that he has in any way infringed the Epic Tech Registered Trademarks; and denies that he has used or continues to use spurious designations that are identical to or substantially indistinguishable from the Epic Tech Registered Trademarks. It is denied that Defendant's actions have violated the cited statute. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

345.    Denied as to this Defendant. Inter alia, Defendant denies that he has had knowledge of any kind as to Epic Tech's purported ownership and rights; denies that he is a junior infringing user of the Epic Tech Registered Trademarks; in any way infringed the Epic Tech Registered Trademarks; and denies that he has used or continues to use counterfeit versions of the Epic Tech Registered Trademarks or knew that he had done so; or that he has engaged in willful misconduct of any kind. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

346.    Denied as to this Defendant, and as to harm purportedly caused to Epic Tech by Defendant. Inter alia, Defendant denies that he has participated in "trademark infringement" of any kind, and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

**Eighth Cause of Action - Contributory Trademark Infringement**

351.    Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

352.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

353.    Denied as to this Defendant. Inter alia, Defendant denies that he has in any way infringed the Epic Tech Registered Trademarks. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

354.    Denied as to this Defendant. Inter alia, Defendant denies that he has in any way induced infringement of the Epic Tech Registered Trademarks or supplied infringing software to end users. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

355.    Denied as to this Defendant. Inter alia, Defendant has not infringed, nor engaged in any knowing, intentional, or willful misconduct. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

356.    Denied as to this, and as to harm purportedly caused to Epic Tech by Defendant. Inter alia, Defendant denies that he has aided trademark infringement, and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

357.    Denied.

358.    Denied.

359.    Denied.

360.    Denied.

**Ninth Cause of Action - Vicarious Trademark Infringement**

361.    Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

362.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

363.    Denied as to this Defendant. Inter alia, Defendant denies that he has provided "infringing Phantom Software" to end users or has "at least joint control" over the same. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

364.    Denied as to this Defendant. Inter alia, Defendant denies that he has in any way indirectly infringed Epic Tech's trademarks, to the extent any may exist; or provided "infringing Phantom Software" to end users or has "at least joint control" over the same. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

365.    Denied as to this Defendant. Inter alia, Defendant has not aided infringements, nor engaged in any knowing, intentional, or willful misconduct. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

366.    Denied as to this Defendant, and as to harm purportedly caused to Epic Tech by Defendant. Inter alia, Defendant denies that he has aided trademark infringement, and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

**Tenth, Eleventh, and Twelfth Causes of Action**

371-399.   These allegations do not relate to Defendant, and Defendant will therefore not respond to these

claims. To the extent any response is required, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the identified allegations and therefore denies these

allegations.

**Thirteenth Cause of Action - Lanham Act § 43(a) Infringement**

400.    Defendant incorporates all previous responses to the allegations in the Complaint, while noting

that many if not most of those allegations are entirely irrelevant to this cause of action.

401.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the

identified allegation(s) and therefore denies these allegations.

402.    Denied as to this Defendant. Inter alia, Defendant denies that he has in any way infringed the

Epic Tech Unregistered Trademarks; and denies that he has used or continues to use spurious

designations that are identical to or substantially indistinguishable from the Epic Tech

Unregistered Trademarks. It is denied that Defendant's actions have violated the cited statute. As

to any other defendants, Defendant lacks knowledge or information sufficient to form a belief

about the truth of these allegations and therefore denies these allegations. Any remaining

allegations are denied.

403.    Denied as to this Defendant, and as to harm purportedly caused to Epic Tech by Defendant. Inter

alia, Defendant denies that he has participated in unlawful conduct, and denies that Epic Tech has

suffered harm or that there is any prospect of future harm to damage to Epic Tech's business,

goodwill, reputation, profits or strength of the Epic Tech Unregistered Trademarks (if any such

benefits have ever been enjoyed by Epic Tech, which is not admitted), caused by him. Defendant further denies the existence of harm that is irreparable or that cannot be fully compensated in money and at law. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

404. Denied.

405. Denied.

406. Denied.

## Fourteenth Cause of Action - Contributory Lanham Act § 43(a) Infringement

407. Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

408. Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

409. Denied as to this Defendant. Inter alia, Defendant denies that he has in any way infringed the Epic Tech Unregistered Trademarks. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

410. Denied as to this Defendant. Inter alia, Defendant denies that he has in any way induced infringement of the Epic Tech Unregistered Trademarks or supplied infringing software to end users. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

411. Denied as to this Defendant. Inter alia, Defendant has not infringed, nor engaged in any knowing, intentional, or willful misconduct. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies

these allegations. Any remaining allegations are denied.

412. Denied as to this Defendant, and as to harm purportedly caused to Epic Tech by Defendant. Inter alia, Defendant denies that he has aided trademark infringement, and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

413. Denied.

414. Denied.

415. Denied.

**Fifteenth Cause of Action - Vicarious Lanham Act § 43(a) Infringement**

416. Defendant incorporates all previous responses to the allegations in the Complaint, while noting that many if not most of those allegations are entirely irrelevant to this cause of action.

417. Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations.

418. Denied as to this Defendant. Inter alia, Defendant denies that he has provided "infringing Phantom Software" to end users or has "at least joint control" over the same. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

419. Denied as to this Defendant. Inter alia, Defendant denies that he has in any way indirectly infringed Epic Tech's unregistered trademarks, to the extent any may exist; or provided "infringing Phantom Software" to end users or has "at least joint control" over the same. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

420. Denied as to this Defendant. Inter alia, Defendant has not aided infringements, nor engaged in

any knowing, intentional, or willful misconduct. As to any other defendants, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations. Any remaining allegations are denied.

421. Denied as to this Defendant, and as to harm purportedly caused to Epic Tech by Defendant. Inter alia, Defendant denies that he has aided a violation of Lanham Act Section 43(a), or will do so in the future; and denies causing any harm to Epic Tech and denies any prospect of future harm caused by him. Defendant further denies that his actions have resulted in any suffering by Epic Tech of irreparable harm for which no adequate remedy exists at law. As to any other defendants or to any other purported harm suffered by Epic Tech, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegation(s) and therefore denies these allegations. Any remaining allegations are denied.

422. Denied.

423. Denied.

424. Denied.

**Sixteenth, Seventeenth, Eighteenth and Nineteenth Causes of Action**

425-456. These allegations do not relate to Defendant, and Defendant will therefore not respond to these claims. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the identified allegations and therefore denies these allegations.

## VI. DEMAND FOR A JURY TRIAL

Defendant demands a jury trial on all issues triable to a jury in this case.

## VII. REQUEST FOR RELIEF

Wherefore Defendant requests that the Complaint be dismissed, and that Plaintiffs take nothing, either in monetary damages or the requested injunctive relief, and that Defendant be awarded his attorney's fees and his costs and such other and further relief as to which Defendant may be entitled, including but not limited to awards under 17 U.S.C. §§ 505 and 1203, and under any and all other applicable statutes and

rules of law.

This the 18th day of May, 2023.

OLIVE & OLIVE, P.A.
Attorneys for Defendant Kaiser Hauter

BY:<u>s/ Susan Freya Olive</u>
Susan Freya Olive
N.C. State Bar No. 7252

500 Memorial Street
Durham, NC 27702-2049
Telephone: (919) 683-5514
emailboxEDNC@oliveandolive.com

**CERTIFICATE OF SERVICE**

As to those parties not filed by service of this pleading with the court's electronic filing

system, the undersigned certifies that a true copy of this pleading and any exhibit or proposed order

filed therewith is being served on all such parties whose addresses have been disclosed in the

pleadings and that are not in default, by mailing a copy of the same to them via first class mail,

addressed to them at the address provided for them in the Affidavit of Service or, if not served, in the

Summons, promptly following the date of filing of this pleading.

<u>s/Susan Freya Olive</u>
Susan Freya Olive