IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-136-D

| | |
|---|---|
| EPIC TECH, LLC, and ) | |
| BLUE STREAK BIDS, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RALEIGH STARTUP SOLUTIONS, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

On March 20, 2023, plaintiffs filed a verified complaint [D.E. 1] and several exhibits [D.E. 2, 3]. That same day, plaintiffs moved to file their exhibits under seal, for a temporary restraining order, seizure of counterfeit goods, asset freeze, disclosure of information, expedited discovery, and preliminary injunctive relief [D.E. 11] and filed a memorandum [D.E. 12] and declaration [D.E. 13] in support. Pursuant to 28 U.S.C. § 636(b)(1), the court referred the matter to Magistrate Judge Robert B. Jones, Jr. for a memorandum and recommendation ("M&R") on plaintiffs' motion to file under seal and motion for a temporary restraining order, seizure of counterfeit goods, asset freeze, disclosure of information, expedited discovery, and preliminary injunctive relief [D.E. 25]. On April 20, 2023, Magistrate Judge Jones granted plaintiffs' motion to seal [D.E. 42]. On April 24, 2023, Magistrate Judge Jones held a hearing on plaintiffs' remaining motion [D.E. 98]. On June 5, 2023, Magistrate Judge Jones issued an M&R and recommended that the court deny plaintiffs' motion for injunctive relief and expedited discovery. See [D.E. 108].

On June 20, 2023, plaintiffs objected to the M&R [D.E. 110]. On July 3, 2023, defendants Kaiser Hauter, Ashley Brooks, LRC Amusements LLC, Paul Mann, Cyber Skills I, Inc., Tara Vester, and Coconut's Café LLC responded in opposition to plaintiffs' objections to the M&R [D.E. 118, 120]. On July 5, 2023, defendants David Johnson, Jing Xin Chen, and DJ's Blue Room LLC [D.E. 122] and defendants Raleigh Startup Solutions LLC, Chuck Patel, Neal Patel, and Jyoti Patel [D.E. 123] responded in opposition to plaintiffs' objections to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). In "order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R, the record, plaintiffs' objections, and defendants' responses. As for those portions of the M&R to which plaintiffs made no objection, the court is satisfied that there is no clear error on the face of the record. As for plaintiffs' objections, Judge Jones properly found that plaintiffs delayed seeking injunctive relief and failed to show immediate and irreparable injury. See, e.g., Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008);

Henderson v. Bluefield Hosp. Co., 902 F.3d 432, 439 (4th Cir. 2018). Plaintiffs' objections are overruled.

In sum, the court has reviewed the record and OVERRULES plaintiffs' objections to the M&R, ADOPTS the findings and conclusions in the M&R [D.E. 108], and DENIES plaintiffs' motion for injunctive relief and expedited discovery [D.E. 11].

SO ORDERED. This 18 day of July, 2023.

JAMES C. DEVER III
United States District Judge