IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-136-D

| | |
|---|---|
| EPIC TECH, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| RALEIGH STARTUP SOLUTIONS LLC, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on referral to the undersigned for an evidentiary hearing and memorandum and recommendation on Defendant Larry Hill's motion, filed *pro se*, to remove his name from the civil action. [DE-63, -101]. Plaintiffs filed a response in opposition to the motion, [DE-103], and the court held an evidentiary hearing on August 23, 2023, [DE-133]. The court initially set this matter for hearing on June 23, 2023, [DE-104], and on Hill's motion continued the hearing to August 23, to allow Hill more time to prepare, [DE-114, -115]. On August 23, counsel for Plaintiffs appeared at the hearing but Hill failed to appear. For the reasons that follow, it is recommended that the motion be denied and that the court set a deadline for Hill to answer the complaint.

Plaintiff Epic Tech is a developer and marketer of software programs and entertainment games, including sweepstakes or electronic bingo games. Defendants are alleged to operate physical establishments, online websites, and mobile applications that provide unauthorized counterfeit software and games. Epic Tech alleges that it discovered Defendants have gained unauthorized possession of Epic Tech's proprietary sweepstakes software, and have engaged in a scheme to modify, copy, counterfeit, and distribute the software to unauthorized third parties

within the state of North Carolina and throughout the world via the internet. Epic Tech did not license or otherwise authorize Defendants to use Epic Tech's software, and thus, Epic Tech contends Defendants' conduct intentionally violates Epic Tech's intellectual property rights and both federal and state law. Compl. [DE-1] at 4–5, 16 ¶¶ 1–2, 6, 56.

Plaintiffs allege that Hill is a manager of Defendant Blue Magic Casino, which has a physical location at 837 Starling Way, Rocky Mount, NC 27803 and at least one online café on Facebook, and that the Blue Magic Casino Defendants market, distribute, and operate the infringing Phantom Software via their virtual and physical presence. *Id.* ¶¶ 27–28, 184–85. Plaintiffs allege that the Blue Magic Casino Defendants directly infringe Epic Tech's copyrights and trademarks through their operation of the infringing Phantom Software and indirectly infringe Epic Tech's unregistered trademarks by inducing direct infringement of the Phantom Software end users. *Id.* ¶¶ 214, 248, 250. Plaintiffs also allege contributory and vicarious copyright infringement against all Phantom Defendants, which include Blue Magic Casino and Hill. *Id.* ¶¶ 287–308.

Hill's motion states that he "has no idea what's going on with this complaint/action," he does not "own any company that uses any of the plaintiffs['] gaming systems etc.," and he does not "own any gaming company at all." [DE-63]. Plaintiffs responded that Hill cites no legal grounds for dismissal of the claims against him and that Hill failed to address the allegations of the verified complaint that he is associated with Defendant Blue Magic Casino as a manager and that Blue Magic offers at least the counterfeit Phantom Software at their location. [DE-103]; [DE-1] ¶¶ 27–28, 184–85.

Even giving Hill's *pro se* filing the liberal construction due, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Hill has not challenged any of the legal or factual allegations in the complaint. While Hill claims to not be the owner of an infringing company, Hill did not challenge the

allegations that he is the manager of Defendant Blue Magic Casino or that Blue Magic Casino and Hill engaged in or facilitated infringing conduct. *See CNC Software, LLC v. NVO Machining, LLC*, No. 822CV00089JLSADS, 2023 WL 4680923, at *4 (C.D. Cal. May 31, 2023) ("[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer.") (quoting *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2001)). Furthermore, Hill failed to attend the evidentiary hearing and thus, appears to lack intent to prosecute his motion. Accordingly, it is recommended that the motion to remove Hill's name from the civil action, [DE-63], be denied, and the court set a deadline for Hill to answer the complaint.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Wednesday, September 6, 2023**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by**

the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this 23 day of August, 2023.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

4

Case 5:23-cv-00136-D-RJ   Document 134   Filed 08/23/23   Page 4 of 4

the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this 23 day of August, 2023.

_____
Robert B. Jones, Jr.
United States Magistrate Judge